IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VICTOR B. PERKINS, | * | |
| WANDA GIVAN, | | |
| MARY GIVAN, | * | Civil Action No. CCB-20-3142 |
| DEXTER GIVAN, | | |
| CLINTON GIVAN, | * | |
| YUL GIVAN | | |
| | * | |
| Plaintiff | | |
| | * | |
| v | | |
| | * | |
| COMMISSIONER OF THE UNITED STATES | | |
| FOOD AND DRUG ADMINISTRATION, | * | |
| SECRETARY OF THE UNITED STATES | | |
| DEPARTMENT OF HEALTH AND | * | |
| HUMAN SERVICES,[1] | | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM OPINION

Acting on behalf of himself and five other plaintiffs,[2] self-represented plaintiff Victor B. Perkins, a federal civil detainee at the Federal Medical Center in Rochester, Minnesota,[3] filed this wrongful death action and a motion for leave to proceed in forma pauperis on October 27, 2020. The court has reviewed plaintiff's financial information, finds Mr. Perkins eligible to proceed as an indigent, and will grant his motion.

Perkins alleges in the complaint that the Commissioner of the United States Food and Drug Administration ("FDA") and the Secretary of the United States Health and Human Services Department ("HHS"), neglected to perform their constitutional duties to regulate and ban the

---

[1] The Clerk shall correct the docket to reflect defendants' names as shown.

[2] None of the other plaintiffs signed the pleadings.

[3] *See e.g. Perkins v. Daniels*, Case No. 19-cv-2663 (SRN/ECW), 2020 WL 6121268 (D. Minn. July 13, 2020); *Perkins v. Beeler*, 207 F. App'x 262 (4th Cir. 2006) (concluding that because Perkins is civilly committed, the three strikes provision of 28 U.S.C. §1915(g) does not apply).

selling and distribution of a harmful product that caused the premature death of the plaintiffs' stepfather, Wallace Anderson, in 2019. Mr. Anderson allegedly suffered kidney failure from using a Prilosec Proton Pump Inhibitor in 2015, which required dialysis, and ultimately led to his death five years later. Complaint, ECF 1 at 2.

The complaint alleges defendants violated plaintiffs' rights under the "due process clauses" of the "Fifth, Eighth, and Fourteenth Amendments," 28 U.S.C. § 242, 28 U.S.C. §1343, and 42 U.S.C. § 1983. As relief, plaintiffs seek $50,000,000 in punitive damages for the premature death of their stepfather, the physical and emotional injuries suffered by their stepfather, their own suffering, and the suffering of their mother who has since died from being lonely for her husband. Complaint, ECF No. 1 at 3-4.

## I. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, the statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. The complaint of a self-represented plaintiff must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction does not mean a district court can ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro

se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.").

This complaint was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, courts have an independent obligation to determine whether they have subject-matter jurisdiction to consider a case. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th. Cir. 1998) (a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears"). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II.    Discussion

As a threshold consideration, self-represented individuals such as Perkins "may only represent themselves" in actions before this Court. Local Rule 101(a); *accord Fowler v. Lee*, 18 F. App'x 164, 165 (4th Cir. 2001) (pro se litigant cannot represent a class); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (same). Perkins is not a member of the Bar of this court and may not represent the other plaintiffs in this matter. The court will not require plaintiffs to file their own complaints or obtain counsel, however, because this complaint must be dismissed for lack of jurisdiction, principles of immunity, and for failure to state a claim. They will be dismissed from this action.

Sovereign immunity protects the United States and its agencies from all lawsuits absent a waiver of immunity. *Welch v. United States,* 409 F.3d 646, 650 (4th Cir. 2005). Congress may,

by enacting legislation, expressly waive sovereign immunity for certain suits. *See Kerns v. United States*, 585 F.3d 187, 193–94 (4th Cir. 2009). The sovereign immunity of the United States also generally extends to federal officers sued in their official capacity. *See Dugan v. Rank*, 372 U.S. 609, 620-22 (1963); *Portsmouth Redev. & Hous. Auth. v. Pierce*, 706 F.2d 471, 473 (4th Cir. 1983). Therefore, defendants enjoy "a presumption of immunity," *Robinson v. U.S. Dep't of Educ.*, 917 F.3d 799, 801 (4th Cir. 2019), cert. denied, _ U.S. _, 140 S. Ct. 1440 (2020), and plaintiffs have the burden to demonstrate a waiver of the Government's sovereign immunity. *Welch*, 409 F.3d at 651. A waiver of sovereign immunity is "strictly construed" in favor of the United States. *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Liberally construed, the complaint alleges a violation of plaintiff's right to due process under the Fifth Amendment, but does not contend that Congress has waived sovereign immunity as to his claim. The Fifth Amendment does not, in and of itself, operate as a waiver of sovereign immunity. *Hopes v. Roche*, Civ. No. RDB-04-2963, 2005 WL 1812820, at *7 (D. Md. Aug. 2, 2005) (quoting *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982)) ("[T]he Constitution does not waive the Government's sovereign immunity in a suit for damages."). A waiver of sovereign immunity, "if it exists at all, must be found in the statute giving rise to the cause of action." *Id.* (quoting *Garcia,* 666 F.2d at 966); *Lim v. United States*, Civ. No. DKC-10-2574, 2011 WL 2650889, at *8 (D. Md. July 5, 2011) ("Federal courts have no jurisdiction over claims against the United States asserting general violations of the Constitution not authorized by a specific statute."). Thus, Perkins may not raise his claims under the Fifth Amendment.

Perkins' assertions of Fourteenth and Eighth Amendment violations fail to state a claim given the facts alleged. The Fourteenth Amendment governs behavior by the states and those acting under color of state law. It does not apply to the federal government. *United States v.*

4

*Edwards*, 98 F.3d 1364, 1368 (D.C. Cir. 1996), cert. denied, 520 U.S. 1170 (1997) (recognizing that the Fourteenth Amendment "does not apply to the federal government").  The Eighth Amendment does not contain a due process clause, and its protection against cruel and unusual punishment does not apply to individuals "who have not been adjudicated guilty of any crime and are therefore not subject to punishment." *Powers–Bunce v. District of Columbia,* 479 F. Supp. 2d 146, 152 (D.D.C. 2007) (internal quotation marks and citation omitted).  Accordingly, Perkins' Eighth and Fourteenth Amendment claims must be dismissed.

None of the statutes Perkins cites in the complaint, 28 U.S.C. § 242, 28 U.S.C. § 1343, and 42 U.S.C. § 1983, waives the United States' immunity from suit.  Title 28 U.S.C. § 1343, grants district courts original jurisdiction of certain civil rights claims.  The statute does not waive the United States' immunity to suit.  *Jachetta v. United States*, 653 F.3d 898, 907-08 (9th Cir. 2011) (Section 1343(a)(3) does not waive the federal government's sovereign immunity); *cf. Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) (holding that a jurisdictional statute "merely establishes a subject matter that is within the competence of federal courts to entertain"); *Radin v. United States*, 699 F.2d 681, 685 n. 9 (4th Cir. 1983) (noting that a jurisdictional statute is "merely a jurisdictional grant that in no way affects the sovereign immunity of the United States").

There is no statute codified at 28 U.S.C. § 242.  The court presumes that Perkins intended to allege a violation of 18 U.S.C. § 242, a criminal statute which prohibits deprivation of civil rights.  This is a civil suit, and as a private citizen, Perkins lacks standing to bring criminal charges against others.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (stating private individuals have no constitutional or other right to a criminal investigation, nor any judicially cognizable interest in the prosecution or non-prosecution of another); *Otero v. United States Attorney General*, 832 F.2d 141, 141-42 (11th Cir. 1987).

5

The third statute cited, 42 U.S.C. § 1983, pertains to unlawful conduct by state actors. Section 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

As noted, defendants are federal, not state actors. As such, they are not subject to suit under § 1983.

In *Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court established a cause of action under the Constitution of the United States against federal officials for violating federal constitutional rights. In the absence of a constitutional violation, no viable *Bivens* claim is stated. *Davis v. Passman*, 442 U.S. 228, 248 (1979). As noted, Perkins provides no facts to explain how defendants acted in their individual capacities to violate his constitutional rights and Perkins cannot bring a *Bivens* claims against an agent of the federal government in his official capacity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).

The Federal Tort Claims Act ("FTCA") provides a limited waiver of the sovereign immunity in regard to certain tort actions. *See* 28 U.S.C. §§ 1346(b), 2674. Under the FTCA, the United States is liable, as a private person, for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment[.]" *Id.* § 1346(b)(1). As a waiver of sovereign immunity, the FTCA is to be narrowly construed and is not to be extended by implication. *See United States v. Nordic Vill., Inc.,* 503 U.S. 30, 34 (1992). A plaintiff also must exhaust administrative remedies before filing suit, or the case is subject to dismissal. 28 U.S.C.

§ 2675(a); *see McNeil v. United States*, 508 U.S. 106, 112 (1993); *see also Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990).  Perkins does not allege that he filed an administrative tort claim with the FDA or HHS, nor has he demonstrated that he exhausted applicable administrative remedies.  Absent any allegation or evidence of a waiver of sovereign immunity, the court must dismiss claims for lack of subject matter jurisdiction.

### III. Conclusion

For the reasons stated in this memorandum opinion, this case will be dismissed for lack of jurisdiction and for failure to state a claim upon which relief may be granted.  A separate order follows.

__11/6/20____
Date

_____/S/_____
Catherine C. Blake
United States District Judge